OPINION
{¶ 1} Respondent-appellant Thomas P. Kusner appeals from a judgment of the Greene County Court of Common Pleas, General Division, ordering the forfeiture of his 1993 Ford Econoline Van. Kusner contends that the trial court erred in allowing petitioner-appellee the Xenia Police Department and Kusner the opportunity to present additional evidence in a subsequent hearing before the magistrate.
 {¶ 2} We conclude that the trial court's decision in allowing the parties the opportunity to present additional evidence was in the interest of justice and was within the trial court's discretion. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In May, 2002, a petition for forfeiture of property was filed, pursuant to R.C. 2933.41 et seq., seeking the forfeiture of a 1993 Ford Econoline Van owned by Thomas P. Kusner and abandoned or used or intended for use in the course of the commission of a criminal offense. In August, 2002, Kusner pled guilty to one count of Attempted Unlawful Sexual Conduct with a Minor, in violation of R.C. 2923.02(A) and2907.04(A), and one count of Importuning, in violation of R.C.2907.07(E)(2).
 {¶ 4} In October, 2002, a magistrate, to whom the matter had been referred, denied the petition for forfeiture, after a hearing. The magistrate concluded that there was no evidence that notice of the seizure was given to Kusner, as required by R.C. 2933.43(A)(2), and that there was no evidence of compliance with the publication requirements of R.C. 2933.43(C). The magistrate found that "[n]o evidence of publication of notice of the seizure of the Property was offered by Petitioner until both Petitioner and Respondent had rested their cases, and all exhibits offered by Petitioner were admitted. After the close of the evidentiary portion of the Hearing, the Magistrate invited Counsel to make closing argument and Counsel for Petitioner `deferred' to Counsel for Respondent, and stated that he would respond to the argument of Counsel for Respondent. Counsel for Respondent argued that Petitioner had not met the burden of proof in that Petitioner had introduced no proof of publication as required by O.R.C. Section 2933.43(C). Petitioner moved to reopen the evidentiary portion of the Hearing so that Petitioner could introduce proof of publication. In the interests of fairness, the Magistrate denied the Motion to reopen the evidentiary portion of the case. Each Party had informed the Magistrate that each rested, and the Hearing was at the stage of closing argument when Petitioner moved to reopen. Attorney for Respondent had relied on that status when he argued in his closing statement that Petitioner had not offered proof of publication as required by the Forfeiture Statute."
 {¶ 5} Petitioner filed objections to the magistrate's decision, and Respondent filed a memorandum in opposition to the objections to the magistrate's decision. In January, 2003, the trial court sustained the Petitioner's objections to the magistrate's decision and ordered that Petitioner and Respondent be given the opportunity to present additional evidence in a subsequent hearing before the magistrate. The trial court found that it was "more concerned with promoting the interests of justice on the substantive merits of the case, rather than in making a determination solely upon Petitioner's procedural failing," and that it was "more concerned with whether or not the City of Xenia Police Division in-fact complied with the statutory requirements of Publication and Notice of Seizure, prior to ordering forfeiture in this Case."
 {¶ 6} In March, 2003, the magistrate granted the petition for forfeiture after a hearing, at which evidence of notice and publication was presented. Thereafter, Kusner filed an objection to the magistrate's decision. The trial court overruled Kusner's objection, for the same reasons it had sustained Petitioner's objections to the magistrate's October, 2002, decision, and adopted the magistrate's decision. From the order of forfeiture, Kusner appeals.
 II {¶ 7} Kusner's sole Assignment of Error is as follows:
 {¶ 8} "The trial court erred by granting petitioner's objection to magistrate decision and thus allowing petitioner to reopen petitioner's case after closure of evidence and argument by respondent."
 {¶ 9} Kusner contends that "there is a significant distinction between allowing the Petitioner/Plaintiff to reopen their case after resting versus allowing the Petitioner/Plaintiff to reopen their case after deficiencies have been illuminated by the closing argument of Respondent. Respondent submits that a Defendant and/or Respondent in any case would be reluctant to make argument towards the merits of a case if the law in this jurisdiction allows the Petitioner/Plaintiff to reopen their case after argument. Assuming that the Magistrate in this case was aware of the deficiencies in proof prior to Respondent addressing same in argument, Respondent would have prevailed in this matter by simply not making any argument."
 {¶ 10} It may be true that if Kusner had withheld his argument about the insufficiency of the evidence of notice until his appeal from a forfeiture order, he might have been able to argue successfully, on appeal, that judgment should be entered in his favor due to an insufficiency of evidence on an essential element of the State's proof. Nevertheless, we cannot conclude that the trial court abused its discretion when it sustained the State's objection to the magistrate's decision and allowed both parties an opportunity to present additional evidence in a subsequent hearing before the magistrate.
 {¶ 11} We have stated before that "[i]f the state lacks critical evidence, no reopening can cure the defect. If the defect is simply an oversight, . . . the trial court may reasonably allow the state to introduce evidence that it has." State v. Bumpus, Clark App. No. 97-CA-0110, 1998 WL 771397, at *3. "[O]pening up a case for the presentation of further testimony is within the sound discretion of the trial court, and the court's action in that regard will not be disturbed on appeal unless it amounted to an abuse of discretion." State v. Black,
Montgomery App. No. 17384, 2000 WL 192258, at * 3. "The term `abuse of discretion' . . . implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144 (citations omitted). "A reviewing court is not free to substitute its judgment for that of the trial court in applying the abuse of discretion standard, but must apply a presumption that the findings of the trial court are correct." Black, 2000 WL 192258, at *3 (citation omitted).
 {¶ 12} In the October, 2002, hearing before the magistrate, the State failed to present evidence that notice of seizure was given to Kusner, as required by R.C. 2933.43(A)(2), and failed to present evidence of compliance with the publication requirements of R.C. 2933.43(C). After both parties rested, and Kusner, in his closing argument, argued that the State had failed to prove these two essential facts, the State moved to reopen the evidentiary portion of the hearing so that it could introduce proof of notice and publication.
 {¶ 13} We conclude that the trial court did not abuse its discretion when it ordered that the parties be given an opportunity to present additional evidence in a subsequent hearing before the magistrate. It was not unreasonable, arbitrary or unconscionable for the trial court to conclude, as it did, that it was "more concerned with promoting the interests of justice on the substantive merits of the case, rather than in making a determination solely upon Petitioner's procedural failing," and that it was "more concerned with whether or not the City of Xenia Police Division in-fact complied with the statutory requirements of Publication and Notice of Seizure, prior to ordering forfeiture in this Case."
 {¶ 14} The trial court's decision to allow the parties the opportunity to present additional evidence did advance the interests of justice, and was within the trial court's discretion. The trial court did not err when it granted the State's objection to the magistrate's decision and allowed the parties the opportunity to present additional evidence in a subsequent hearing before the magistrate.
 {¶ 15} Kusner's sole Assignment of Error is overruled.
 III {¶ 16} Kusner's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
Brogan and Grady, JJ., concur.